DOUGLAS W. PERAU AND RUBY D. PERAU, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Perau v. Commissioner
Docket No. 5145-86
United States Tax Court
T.C. Memo 1991-304; 1991 Tax Ct. Memo LEXIS 356; 62 T.C.M. (CCH) 73; T.C.M. (RIA) 91304; July 8, 1991, Filed *356 Decision will be entered for the respondent. John N. Moore, for the petitioners. James D. Hill, for the respondent. PETERSON, Chief Special Trial Judge. PETERSON
MEMORANDUM FINDINGS OF FACT AND OPINION This case was heard pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. These cases were consolidated for trial, briefing, and opinion. Respondent determined deficiencies in petitioners' Federal income taxes and additions to tax as follows: Additions to Tax
Section
Section
Year
Deficiency
6651(a)(1)
6659(a)
1981
$ 1,275.00
--   $   310.50
1982
5,262.73
$ 1,189.09
1,578.82
In his answer, respondent raised the additions to tax for negligence under section 6653(a)(1) and (2) for the years involved. After concessions by petitioners, the only issue remaining for decision is whether petitioners are liable for the addition to tax for negligence for the years 1981 and 1982. FINDINGS OF FACT Some of the facts have been stipulated and are *357 so found. The stipulation of facts and accompanying exhibits are incorporated herein by this reference. Petitioners resided in Strongsville, Ohio, when the petition in this case was filed. The parties have also stipulated the record in the case of . In Rybak the Court found that investments in the same master recording program present in the instant case were devoid of economic substance and were entered into solely for the income tax benefits. Accordingly, the investments were disregarded for income tax purposes. During 1981, petitioners formed a joint venture to invest in a certain master recording lease, described in detail in The joint venture, through Structured Shelters, Inc. (SSI), leased a master recording entitled The Playhouse Presentation of Exciting Animal Songs from Oxford Productions Corporation (Oxford) for a period of eight years. The joint venture also entered into a record distribution agreement with Aim Record Distribution, Inc. (Aim). Petitioners acquired a 31 percent interest in the joint venture. The master recording was primitive, *358 of very poor quality, and was clearly substandard to records sold in the customary retail market. Because of its poor quality, it was highly unlikely that there would ever be a market for records produced from the master recording leased by the joint venture. The lease agreement with Oxford required an advance rental payment of $ 10,000. In addition, the joint venture was required to pay $ 2,000 to Aim for each lease under the distribution agreement. Petitioners contributed $ 1,937.50 in cash to the joint venture and signed a note due in June 1982 for an additional $ 1,937.50. Based on their interest in the joint venture, petitioners' share of the investment credit property and investment credit totalled $ 77,500 and $ 7,750, respectively. Petitioners claimed $ 1,035 of the investment credit on their 1981 tax return, and $ 5,234 on their 1982 tax return. Petitioner Douglas Perau owned a business which manufactured and sold industrial equipment. Petitioner Ruby Perau was employed as a sales clerk. At the time of their investment in the joint venture, petitioners had no background or knowledge of the record business. Petitioners did not consult with anyone with experience in *359 the record industry to determine the value of the master recording prior to their investment in the joint venture. Petitioners listened to the record and did not believe the record was of high quality. Petitioners did not review any appraisals of the master recordings prior to their investment in the joint venture. Petitioners relied primarily on a friend and the sales literature they received from SSI. Petitioners' decision to invest in the joint venture was based on the promised tax benefits and not on any advice that the investment presented a good business opportunity. Neither petitioners nor the joint venture made any investigation of Aim or Oxford to determine the experience and standing of these companies in the record business. They did not examine the lease or the distribution agreements concerning the master recordings and accepted all provisions without comment or negotiation. SSI received a commission for the lease entered into by the joint venture. Petitioners made no financial analyses with regard to the investment. OPINION Petitioners have conceded that the investments in the master recording had no economic substance and were made to obtain income tax benefits. *360 They have conceded the adjustments and additions to tax set forth in the notice of deficiency, except they argue that they are not liable for the addition to tax for negligence under section 6653(a). Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Petitioners contend that they are not liable for the addition to tax for negligence because they relied on the advice of their friend. We agree that reliance on the advice of professionals may defeat a finding of negligence under certain circumstances. . See . Respondent has the burden of proof to show that petitioners were negligent. Rule 142(a). We agree that where a taxpayer relies on experienced professionals that the addition to tax for negligence will generally not be imposed. However, in this case petitioners knew that their friend did not have any experience in the record business and knew that he did not make any *361 attempt to verify the legitimacy of the investment. No evidence was presented to show that petitioners made any meaningful investigation or financial analysis of the master recording investment. At most, petitioners were content to rely on vague statements that their friend's attorney was independently investigating the merits of the investment and thought it was okay, but risky. Neither petitioners nor any of the joint venturers made any attempt to independently verify the background of Oxford or Aim, or to determine the quality of the master recording or whether there was a bona fide and viable record sales distribution program. Petitioners did not bother to listen to or examine the recordings involved. Under these circumstances, we do not believe that petitioners would have invested in an unfamiliar business venture with such a cursory investigation on their part except to obtain the substantial tax benefits involved. To the extent that petitioners' investment in the joint venture was based on the advice of their friend, it was unreasonable based on his lack of expertise in the master recording business. See . *362 Accordingly, under the facts of this case, we find that respondent has met his burden of proof and petitioners are liable for the addition to tax for negligence under section 6653(a) for each of the years involved. Decision will be entered for the respondent.